IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRYAN RANDALL MONKRES, | ) | No. C 04-2311 CW (pr) |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S MOTION |
| | ) | FOR LEAVE TO AMEND PETITION AND TO |
| v. | ) | STAY PROCEEDINGS |
| | ) | |
| ROSEANNE CAMPBELL, Warden, et al., | ) | |
| | ) | (Docket no. 37) |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

INTRODUCTION

Petitioner Bryan Randall Monkres, a state prisoner incarcerated at Mule Creek State Prison (MCSP) in Iona, California, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a conviction and sentence imposed by Lake County Superior Court.

Before the Court is Petitioner's motion for leave to amend his first amended petition to add newly discovered claims and for a further stay of these proceedings pending exhaustion of these claims. Respondent opposes his motion.

Having considered all of the papers filed by the parties, the Court DENIES Petitioner's motion.

PROCEDURAL HISTORY

Following a jury trial, Petitioner was convicted of ten counts of rape and two counts of forcible oral copulation. On February 28, 2002, the trial court sentenced Petitioner to serve consecutive terms of six years for each of the twelve counts, for a total of seventy-two years in state prison. The California Court of Appeal affirmed Petitioner's conviction in an unpublished opinion issued

on October 31, 2003. (Resp't Ex. 6.)  The California Supreme Court denied review on January 14, 2004.  (Resp't Ex. 8.)

On June 14, 2004, Petitioner timely filed a federal habeas corpus petition raising six claims: (1) that the trial court erred in instructing the jury that Petitioner could be found guilty based on propensity evidence alone using California Jury Instructions Criminal (CALJIC) No. 2.50.01; (2) that the trial court erred in instructing the jury with CALJIC No. 1.23.1.; (3) ineffective assistance of trial counsel; (4) ineffective assistance of appellate counsel; (5) that Petitioner's prior sexual assaults against T.P. were improperly admitted into evidence; and (6) cumulative error based on ineffectiveness of his trial and appellate counsel.  He alleged that the two claims of instructional error were the only claims he presented to the state courts.  He claimed that he did not pursue the other four claims before filing his federal habeas petition because he wanted to assure that he filed the petition in a timely manner.  Therefore, he asked the Court to stay the petition in order for him to return to state court to exhaust his unexhausted claims.

In a November 9, 2004 Order, the Court granted Petitioner's request to stay the petition to exhaust his state judicial remedies.  The Court also directed Petitioner to file an amended petition in this action containing only his exhausted claims and ordered that the "stay will go into effect on the date the amended petition is filed." (Nov. 9, 2004 Order at 4.)  Petitioner filed his amended petition containing all six original claims on December 8, 2004, and the stay went into effect on that date.

The California Supreme Court's official website shows that the habeas petition relating to his six original claims was denied on

December 12, 2005 in <u>Monkres (Bryan R.) On H.C.</u>, Cal. S. Ct. No. S130326.

On June 12, 2006, Petitioner filed an "Ex-Parte Motion to File Belated Amended Petition." Petitioner stated that he failed to comply with the Court's previous order which stated: "within thirty (30) days after receiving a final decision of the highest State court available to review his claims Petitioner must file a second amended petition in this Court which incorporates the newly exhausted claims he intends to raise in federal court." (Nov. 9, 2004 Order at 4.) Therefore, Petitioner asked the Court to grant him leave to file a belated petition containing his six newly exhausted claims. Petitioner added that he intended to incorporate into his amended petition six newly discovered claims that he states were "blatant constitutional violations." Therefore, he filed requests for the Court to grant him leave to amend his petition to add his newly discovered claims and for the Court to stay proceedings further to allow him to return to state court to exhaust these claims.

In an Order dated July 11, 2006, the Court lifted the stay because Petitioner had exhausted his state judicial remedies as to his original six claims. (July 11, 2006 Order at 6.) The Court deemed the amended petition that was filed on December 8, 2004 to be the operative pleading in this action, and denied as unnecessary Petitioner's request to file a belated amended petition. (<u>Id.</u> at 3.) The Court then directed Respondent to show cause why it should not grant the petition based on the six exhausted claims in the amended petition. (<u>Id.</u>) The Court denied Petitioner's request for leave to add six newly discovered claims and to stay these proceedings pending the exhaustion of his new claims because he

failed to specify the facts in support of each claim.  (<u>Id.</u> at
5-6.)  The Court directed Petitioner to file a motion for leave to
amend to add these newly discovered claims to his amended petition
and for a further stay of these proceedings pending exhaustion.
(<u>Id.</u>)  Also, the Court directed Petitioner to submit a proposed
second amended petition, which clearly stated, with specificity,
the six newly discovered claims.  (<u>Id.</u>)

Petitioner did not do so at that time.  Instead, on September
15, 2006, he filed a state habeas petition with the California
Supreme Court containing the six newly discovered claims.

On January 9, 2007, Respondent filed an answer to Petitioner's
amended petition.

On March 12, 2007, Petitioner filed his traverse.  Petitioner
also filed the present motion for leave to amend his first amended
petition to add newly discovered claims and to stay proceedings.
Instead of filing a proposed second amended petition as the Court
directed, he filed a document entitled "Supplemental Claims to
Petitioner's First Amended Federal Writ of Habeas Corpus"
containing three of the six newly discovered claims.[1]

On September 19, 2007, Respondent filed an opposition to
Petitioner's motion.

DISCUSSION

I.    Motion to Stay

The California Supreme Court's official website shows that on
March 21, 2007, the habeas petition containing the newly discovered
claims was denied.  <u>Monkres (Bryan R.) On H.C.</u>, Cal. S. Ct. No.

---

[1] In his brief, Respondent refers to Petitioner's four newly
discovered claims; however, Petitioner requests leave to amend to add
only three newly discovered claims.  (Mot. to Amend at 3.)

4

United States District Court

For the Northern District of California

S146583. Thus, it appears that Petitioner has exhausted his three newly discovered claims. Accordingly, Petitioner's motion to stay the proceeding to exhaust these claims is DENIED as moot, because they are already exhausted.

II.   Leave to Amend

Once a responsive pleading has been filed, a habeas petitioner must obtain leave of court to file an amended petition.  Habeas petitions may be amended or supplemented as provided in the Federal Rules of Civil Procedure.  See 28 U.S.C. § 2242; Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir. 2000).  Although Federal Rule of Civil Procedure 15(a) requires that leave to amend "shall be freely given when justice so requires," the Court may consider whether there is any evidence of undue delay, bad faith or dilatory motives when determining whether leave to amend should be granted.  See Anthony, 236 F.3d at 577-78.

Petitioner now asks this Court to grant him leave to amend his petition again to add the following violations of his constitutional rights based on:  (1) the trial court's structural and plain error in admitting against him evidence of pretext phone calls that were intercepted; (2) the Lake County Sheriff Department's interception of his conversations during pretext phone calls, in violation of federal wiretapping statutes; and (3) the trial court's error in admitting evidence of prior bad acts that was obtained through illegally recorded pretext phone calls, and allowing the prosecution to "retry" him on prior bad acts in violation of the Double Jeopardy Clause.  (Mot. for Leave to Amend at 3.)  Respondent argues that Petitioner should not be permitted to amend his petition because these new claims are barred as

untimely by the one year statute of limitations for filing habeas claims in federal court. (Opp'n at 3.) Respondent further argues that Petitioner's new claims do not arise from a core of operative facts in common with his original claims and, therefore, they do not relate back to the filing date of the original petition. (Id. at 6.)

A.  Delay

Any newly raised claims are subject to review for untimeliness. Ford v. Hubbard, 330 F.3d 1086, 1105-06 (9th Cir. 2003), rev'd on other grounds sub nom. Pliler v. Ford, 542 U.S. 225 (2004).

Federal habeas corpus petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The newly discovered claims are untimely under subsection (A) above, and Petitioner does not argue under subsection (B) that unconstitutional state impediments to timely filing were recently removed. Similarly, Petitioner does not argue under subsection (C) that a newly recognized constitutional right justifies his untimely

filing.  Instead, Petitioner's arguments that he is entitled to review of his newly discovered claims fall under subsection (D).

Under subsection (D), the one year limitations period starts on the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Section 2244(d)(1)(D) accordingly delays the start of the limitations period "when the facts on which a federal habeas claim is based would not have been discovered by a duly diligent petitioner."  Ybanez v. Johnson, 204 F.3d 645, 646 (5th Cir. 2000).

Petitioner asserts that he failed to exhaust his three newly discovered claims in state court because the Ninth Circuit and the California Supreme Court in 2006 issued "favorable rulings that affected his position on these new claims."  (Mot. for Leave to Amend at 4.)  He alleges that the commencement of the statute of limitations should be delayed under § 2244(d)(1)(D) until he was made aware of these "favorable rulings."  However, the factual predicate of his newly discovered claims is the pretext phone calls.  The admission of the pretext phone calls was known to him at the time of his trial over four years ago.  (Resp't Ex. 6 at 1.)  He does not explain why he did not include claims involving the pretext phone calls in his amended petition.  Petitioner is not entitled to a delayed commencement of the limitations period because the "favorable rulings" in 2006 are not the "factual predicate" of his newly-discovered claims.  See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (noting that the statute of limitations does not start until a petitioner has discovered -- or with due diligence could have discovered -- the important facts, not when the prisoner recognizes their legal significance).

Further, the new rulings to which Petitioner refers are <u>Kearny v. Salomon Smith Barney, Inc.</u>, 39 Cal. 4th 95 (2006), and <u>United States v. Staffeldt, et al.</u>, 451 F.3d 578 (9th Cir. 2006). The victim consented to being recorded when she called Petitioner at the behest of law enforcement; therefore, the pretext phone calls did not violate any wiretapping prohibitions. These cases are not applicable.

B.    Relation Back

Amendments made after the expiration of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) may relate back to the date of the original pleading if the original and amended pleadings share "a common core of operative facts." <u>Mayle v. Felix</u>, 125 S. Ct. 2562, 2574-75 (2005). "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." <u>Id.</u>

The foundation of Petitioner's relation back argument is that his newly discovered claims are based on pretext phone calls which "unite" all of his claims. (Mot. for Leave to Amend at 6.) Petitioner claims that his newly discovered claims "stem from the existence of the same common core of operative facts, which was the pre-text phone calls" allowed into evidence by the trial court. (<u>Id.</u>) Respondent argues that the three newly discovered claims do not relate back because they "assert new grounds for relief supported by facts that differ in both 'time and type' from those the original pleading set forth." (Opp'n at 5 (quoting <u>Mayle</u>, 125 S. Ct. at 2566)).

First, Petitioner argues that his constitutional rights were violated when the trial court admitted wiretap evidence against him. (Mot. for Leave to Amend at 3.) One of the claims in Petitioner's original and amended petitions challenges the trial court's admission of prior bad acts of molestation of the victim when she was between the ages of twelve and fourteen. (First Am. Pet. (FAP) at 4-A.) Respondent contends that this claim did not relate to any wiretap evidence. Respondent also argues that the pretext phone calls were not related to any prior sexual conduct between Petitioner and the victim. However, the record shows that, in the course of Petitioner's recorded pretext phone calls with the victim, Petitioner "admitted his sexual behavior when [the victim] lived with him between the ages of twelve and fourteen." (Resp't Ex. 6 at 3.) The pretext phone calls provided evidence of prior bad acts against the victim. However, in the original petition, Petitioner objects to the admission of evidence of prior bad acts of molestation that was "adduced to the court from documents requested and received from the Arizona authorities." (Pet. at 21.) At that time, Petitioner's objection to the evidence was that it was based on unfounded allegations. (Id. at 22.) Nowhere in Petitioner's original and amended petitions does he challenge the admission of evidence of prior bad acts against the victim because it was revealed in illegally intercepted pretext phone calls.[2]

---

[2] Petitioner did refer to the pretext phone calls in his original petition as part of his ineffective assistance of counsel claim. (Pet. at 15-16.) He challenged his trial counsel's failure to move to suppress the pretext phone calls. (Id. at 16.) However, Petitioner does not include this claim in his amended petition. (FAP at 4-A.) Because the amended petition is the operative petition in this action, Petitioner's newly discovered claims do not share "a

1   Second, Petitioner claims that his constitutional rights were

2   violated when the Lake County Sheriff's Department illegally

3   intercepted his phone conversations with the victim.  Unlike his

4   claim of the improper admission of prior bad acts evidence in the

5   amended petition, Petitioner's newly discovered claim relating to

6   the intercepted phone conversations challenges the way the evidence

7   was obtained.

8   Finally, Petitioner alleges that the trial court violated the

9   double jeopardy clause by allowing the prosecution to "retry" him

10  on prior bad acts that he admitted in the pretext phone calls.

11  Petitioner argues that the introduction of his prior bad acts

12  caused him to receive a longer sentence.  Although his original and

13  amended petitions object to the trial court's admission of evidence

14  of prior bad acts, neither petition alleges a double jeopardy

15  violation.  In any event, this double jeopardy claim is without

16  merit.

17  Having reviewed Petitioner's petition, amended petition and

18  supplemental claims, the Court finds that his newly discovered

19  claims assert new grounds for relief supported by facts that are

20  different than those that support his original claims; therefore,

21  they do not relate back to the date of the original pleading and,

22  thus, are untimely.

CONCLUSION

24  Petitioner's proposed new claims are time-barred.

25  Accordingly, the Court DENIES the request to amend the

26  petition (docket no. 37).

27

28

common core of operative facts" with any pending claim.

10

Petitioner's amended petition is deemed submitted and ready
for review on the merits.

IT IS SO ORDERED.

DATED: 2/14/08

_____
CLAUDIA WILKEN
United States District Judge

MONKRES,

        Plaintiff,

  v.

KERNAN et al,

        Defendant.

_____/

Case Number: CV04-02311 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 14, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bryan Randall Monkres T-50137
Mule Creek State Prison
P.O. Box 409000
A-1-132-L
Ione,  CA 95640-9000

Peter Ernest Flores
California Attorney General's Office
455 Golden Gate Ave., Suite 11000
San Francisco,  CA 94102-7004

Dated: February 14, 2008

                        Richard W. Wieking, Clerk
                        By: Sheilah Cahill, Deputy Clerk