IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRYAN RANDALL MONKRES, | ) | No. C 04-2311 CW (pr) |
| Petitioner, | ) | |
| v. | ) ) | ORDER GRANTING IN PART AND DENYING IN PART REQUEST FOR CERTIFICATE OF APPEALABILITY; |
| MICHAEL MARTEL, Warden, | ) ) | AND GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL |
| Respondent. | ) | |

    Petitioner Bryan Randall Monkres, a state prisoner incarcerated at Mule Creek State Prison, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction and sentence imposed by Lake County Superior Court. On March 18, 2008, the Court entered judgment denying the petition. On April 23, 2008, the Court received from Petitioner a notice of appeal and an application to proceed in forma pauperis on appeal (docket no. 51). On April 24, 2008, the Clerk of the Court processed the appeal by forwarding the case file with the notice of appeal to the Ninth Circuit Court of Appeals.

    On November 4, 2008, the Ninth Circuit remanded this case to the district court for the limited purpose of granting or denying a certificate of appealability (COA). See Monkres v. Campbell, No. 08-16011, slip op. at 1 (9th Cir. Nov. 4, 2008).

DISCUSSION

    Petitioner did not seek a COA; however, the Court will construe his notice of appeal as a request for a COA on all of the claims raised in his habeas petition. See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997) ("If no express request is made for a certificate of appealability, the notice of appeal shall be

deemed to constitute a request for a certificate.").

An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding unless the petitioner first obtains a COA. A judge shall grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This requires an overview of the claims in the habeas petition and a general assessment of their merits. It does not require full consideration of the factual or legal bases adduced in support of the claims. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). The question is the debatability of the underlying constitutional claim, not the resolution of that debate. Id. at 342.

The Court has reviewed its Order denying the petition for a writ of habeas corpus and GRANTS Petitioner's request for a COA with respect to the following claims. The request is DENIED with respect to all other claims.

I.  Admission of Prior Bad Acts

Petitioner claims the trial court erroneously admitted evidence of prior bad acts. Before trial, the State filed a motion to admit evidence of charged physical and uncharged sexual assaults Petitioner committed in Arizona against the victim, T.P., when she was between the ages of twelve and fourteen. On February 20, 2002, the trial court held a hearing regarding the allegations of

uncharged prior sexual acts against T.P.  The trial court granted the State's motion following the hearing.

Petitioner argued that the testimony of T.P. relating to the prior bad acts should not have been admitted because it was more prejudicial than probative.

The trial court rejected Petitioner's claim, stating:

> Evidence Code 1108 permits evidence of prior sexual conduct to show propensity unless it's otherwise inadmissible under 352.  In conducting that weighing process under 352 the court would find this evidence to be admissible.  It is probative as to the issue of whether or not the victim was coerced because of past physical, if not sexual, abuse.  It does not appear to the court that it would be unduly time-consuming.  There is some risk of the jury confusing the issues, but I think that can be handled.  And the court makes that ruling based upon the People's representation that this will be evidence that is basically limited to the conduct that gave rise to the criminal case down in Arizona.

(Resp't Ex. 2, Vol. 2 at 15.)

This Court rejected Petitioner's contention that admission of the evidence of the prior bad acts was unduly prejudicial and denied him the right to a fair trial.  The Court concluded, "Because the state court's balancing test was not contrary to but consistent with federal law, the state court's rejection of his claim was not objectively unreasonable."  (Mar. 18, 2008 Order at 34 (citing Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).)

The admission of other crimes evidence violates due process where there are no permissible inferences the jury can draw from the evidence, in other words, no inference other than one that the defendant's conduct in the case at issue was in conformity with his previous conduct.  See McKinney v. Rees, 993 F.2d 1378, 1384 (9th

3

Cir. 1993); Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir. 1991). The relevance of the evidence of other bad acts to motive or intent, the opportunity for the jury to weigh the credibility of the witness's account of the other bad acts, and the judge's use of cautionary jury instructions to limit the jury's consideration of the other bad acts all are factors a federal court may consider to determine whether a due process violation occurred. See Terrovona v. Kincheloe, 912 F.2d 1176, 1180-81 (9th Cir. 1990).

The Court finds that reasonable jurists viewing the record could find the Court's assessment of this claim "debatable or wrong." Slack, 529 U.S. at 484. Accordingly, his request for a COA is GRANTED with respect to this claim.

II. Ineffective Assistance of Appellate Counsel

Petitioner argues his Sixth Amendment right was violated because his appellate counsel failed to raise on direct appeal the claim that the trial court erred in admitting evidence of prior bad acts.

The Court rejected Petitioner's claim as follows:

> Petitioner has failed to establish that it was unreasonable for appellate counsel not to raise the claim of improper admission of prior bad acts evidence. The trial court conducted a balancing test to weigh the prejudicial effect of the prior bad acts evidence under California Evidence Code section 352. Petitioner has not shown that his appellate counsel's failure to raise a claim of improper admission of prior bad acts evidence on direct appeal amounted to deficient performance, or that there is a reasonable probability that, but for counsel's failure to do so, he would have prevailed on appeal.
>
> The Court finds that the state court's rejection of Petitioner's ineffective assistance of appellate counsel claim was not

4

>contrary to or an unreasonable application of Strickland. See Himes, 336 F.3d at 853. Accordingly, his claim for habeas corpus relief on this basis is DENIED.

(Mar. 18, 2008 Order at 36.)

The Court concludes that reasonable jurists could find that the Court's assessment of this claims was debatable or wrong, consistent with Court's decision above to grant a COA with respect to his claim that the trial court erroneously admitted evidence of prior bad acts. Accordingly, his request for a COA is GRANTED with respect to this ineffective assistance of appellate counsel claim.

## CONCLUSION

Good cause appearing, Petitioner's request for leave to proceed in forma pauperis on appeal (docket no. 51) is GRANTED.

Petitioner's request for a COA is GRANTED in part as to the claims discussed in this Order. The motion is DENIED as to all other claims because Petitioner has failed to make a substantial showing that any of his other claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would disagree with this Court's assessment.

The Clerk shall process the notice of appeal accordingly.

This Order terminates Docket no. 51.

IT IS SO ORDERED.

DATED: 11/14/08

_____
CLAUDIA WILKEN
United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONKRES,<br><br>              Plaintiff,<br><br>   v.<br><br>KERNAN et al,<br><br>              Defendant. | Case Number: CV04-02311 CW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 14, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bryan Randall Monkres T-50137
Mule Creek State Prison
P.O. Box 409000
A-1-132-L
Ione, CA 95640-9000

Peter Ernest Flores
California Attorney General's Office
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004

Clerk
U.S. Court of Appeals
P.O. Box 193939
San Francisco, CA 94119-3939

Dated: November 14, 2008

                                  Richard W. Wieking, Clerk
                                  By: Sheilah Cahill, Deputy Clerk

P:\PRO-SE\CW\HC.04\Monkres2311.COA.frm          6